**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01377-WJM-CBS

GLEN SCOTT PELLETIER,
CARRIE LYNN PELLETIER, and
HOBIE MATTHEW WITT,

     Plaintiffs,

v.

UNITED STATES OF AMERICA,
JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement, Denver District,
STEVEN M. BRANCH, Field Office Director, Salt Lake City Field Office, and
CUSTOMS ENFORCEMENT, Denver District,

     Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiffs Glen Pelletier, Carrie Lynn Pelletier, and Hobie Matthew Witt (collectively "Plaintiffs") bring claims against Defendants United States of America, John Longshore, Steven Branch, and Customs Enforcement—Denver District (collectively "Defendants"). (Am. Compl. (ECF No. 54).) Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 62) ("Motion"). For the reasons set forth below, the Motion is denied.

### I. LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not

a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## II. FACTUAL BACKGROUND

As the issues raised in the Motion do not challenge the factual allegations in the

a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## II. FACTUAL BACKGROUND

As the issues raised in the Motion do not challenge the factual allegations in the

Amended Complaint, the Court accepts the allegations of the complaint as true. *Holt*, 46 F.3d at 1002. Plaintiffs' Amended Complaint contains a number of factual allegations that are irrelevant to the instant Motion. Below, the Court sets forth only the limited facts necessary to resolve the Motion.

Plaintiff Glenn Pelletier ("Pelletier") is a citizen of Canada. He is married to Plaintiff Carrie Lynn Pelletier, a United States Citizen. Hobie Matthew Witt, also a United States Citizen, is his step-son. (Am. Comp. ¶ 1.) Pelletier has been lawfully admitted to the United States as a B-2 visitor many times. (*Id*. ¶ 15.) His most recent lawful admission was in March 2008. (*Id*. ¶ 23.)

Pelletier was apprehended and detained by the United States Government on August 28, 2008.[1] (*Id*. ¶ 26.) The following day, he was issued a Form I-213 and Form I-862 Notice to Appear charging him as removable based on his entry without inspection. (*Id*. ¶¶ 30-33.) Pelletier posted bond on September 9, 2008 and was released from detention. (*Id*. ¶ 35.) Removal proceedings against Pelletier are ongoing with his next hearing set for January 2013. (*Id*. ¶ 58.)

After his removal proceedings commenced, Pelletier and his attorney requested, pursuant to 8 C.F.R. § 101.2 and Inspector's Field Manual ("IFM") § 15.12, a record of Pelletier's most recent entry to the United States. (*Id*. ¶ 46.) Their request was denied.

---

[1] The Amended Complaint states that Pelletier was detained on August 28, 2011. (Am. Compl. ¶ 26.) However, the remainder of the dates related to events that followed his detention are all alleged to have occurred in 2008. (*Id*. ¶¶ 27-38.) Therefore, the Court assumes that Pelletier was detained on August 28, 2008.

(*Id*.) Because Pelletier is a Canadian citizen, he is excepted from certain record-keeping requirements and is not required to be given an I-94 upon entry to the United States. (*Id*. ¶¶ 62-65; 70.) Because he was not issued an I-94 when he entered the United States, Pelletier cannot prove that he his admission was lawful. (*Id*. ¶ 84.)

### III. ANALYSIS

Defendants move to dismiss this action based on their argument that the Court lacks subject matter jurisdiction over Plaintiffs' claims. (ECF No. 62.) Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is presumed that an action lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Id.* In their Amended Complaint, Plaintiffs allege that this Court has jurisdiction over this case under the following statutes: (1) the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*.; (2) the Declaratory Judgment Act, 28 U.S.C. § 2201; (3) the Mandamus Act, 28 U.S.C. 1361; (4) the All Writs Act, 28 U.S.C. § 1651; (5) the Administrative Procedures Act ("APA"), 5 U.S.C. § 553; and (6) the Habeas Corpus statute, 28 U.S.C. § 2241. (Am. Comp. ¶ 14.)

Defendants argue that, regardless of whether Plaintiffs' claims fall within the above-listed statutes, Congress has stripped the Court of jurisdiction over Plaintiffs' claims by way of 8 U.S.C. § 1252(g). (ECF No. 62 at 3-6.) Defendants also argue that, if 8 U.S.C. § 1252(g) does not strip the Court of jurisdiction, Plaintiffs have failed to show that the Court has jurisdiction under any of the above-listed statutes. (*Id*. at 6-15.)

The Court will address each argument in turn below.

## A.     Plaintiffs' Amended Complaint

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short, plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) also requires minimal factual allegations on the material elements that must be proven to recover on each of the Plaintiffs' claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The statements in the complaint need not be factually detailed; however, they must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiffs' Amended Complaint does not comply with these standards.[2] It is confusing, repetitive, and disjointed. It contains a number of sections not typically seen in a complaint, such as "Discussion of Petitioners' Claims" and "Discussion of Applicable Law." The most significant issue for purposes of this Motion, is the fact that the Amended Complaint fails to specifically set forth discrete causes of action. When a case involves more than one cause of action, such as appears to be the case here, each cause of action is typically set forth separately, along with a brief statement of the key facts relevant to that claim. In this case, rather than separately list the various causes of action asserted, the Amended Complaint contains a section entitled "Causes of Action" that consists of seventeen numbered paragraphs. (Am. Compl. ¶¶ 181-97.)

---

[2] The Court notes that Defendants have not filed a motion to dismiss or strike based on Rule 8(a), nor have they moved for a more particular statement. Defendants have also not moved to dismiss for failure to state a claim upon which relief could be granted.

There is no effort made to clarify whether each of these numbered paragraphs is a separate cause of action, whether they all relate to one cause of action, or whether the paragraphs can be grouped in some way to support more than one but less than seventeen causes of action. (*Id.*)

It is not the role of either the Court or the Defendants to sort through a complaint in order to construct a cause of action for the Plaintiffs. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989). It follows that the Court could dismiss this action based solely on the jumbled state of the pleadings. *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (district court can dismiss complaint for violating Fed. R. Civ. P. 8(a)). However, in the interests of justice, the Court has attempted to parse the Amended Complaint to identify any claims over which it might have jurisdiction. The Court has identified two such claims: (1) Plaintiffs' claim that three provisions in the United States Customs and Border Protection Inspector's Field Manual ("IFM")—Sections 15.1, 15.12, and 21.7—as well as 8 C.F.R. § 235.1(h) (collectively the "Regulations") were "promulgated and executed in violation of the . . . Administrative Procedures Act" (the "APA Claim") (Am. Compl. ¶¶ 181, 187-88, & 194); and (2) that these provisions violate Pelletier's equal protection and due process rights (the "Constitutional Claim") (*Id.* ¶¶ 184 & 187).

The rest of the "claims" asserted by Plaintiffs are incomprehensible. Though there are a number of factual allegations unrelated to the APA Claim and the Constitutional Claim—such as those involving the decisions made by the Immigration

Judge during Pelletier's removal proceedings—the Court cannot discern under what statutory provision these claims may be brought or what facts would support different statutory claims. Accordingly, on the Court's own motion it dismisses all claims other than the APA Claim and the Constitutional Claim without prejudice to Plaintiffs filing a second amended complaint that more clearly delineates between the causes of action being asserted and specifically references the facts supporting such cause of action. For assistance with the structure of the complaint, Plaintiffs and/or their counsel may wish to consult the Court's webpage under the Forms section or consult an attorney that has more experiencing practicing in this Court.

**B.      Whether 8 U.S.C. § 1252(g) Strips the Court of Jurisdiction**

Defendants argue that, pursuant to 8 U.S.C. § 1252(g), the Court lacks jurisdiction over this case. In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which significantly curtailed judicial review of immigration proceedings. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999)). One provision of this statute was codified at 8 U.S.C. § 1252(g) and states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The Supreme Court has construed § 1252(g) narrowly and held that it applies "only to

three types of discretionary decisions by the Attorney General—specifically, to commence proceedings, to adjudicate cases, or to execute removal orders." *I.N.S. v. St. Cyr*, 533 U.S. 289, 311 n.34 (2001) (citing *Reno*, 525 U.S. at 486-87).

Defendants argue that, because Plaintiff brought the instant action after removal proceedings were initiated against him, § 1252(g) deprives the Court of jurisdiction. (ECF No. 62 at 3-5.)  The key issue here is whether Plaintiffs' claims "aris[e] from" the decision to commence removal proceedings against him.  The Tenth Circuit has held that "claims that clearly are included within the definition of 'arising from' are those claims connected *directly and immediately* with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Tsering v. U.S. Immigration & Customs Enforcement*, 403 F. App'x 339, 342 (10th Cir. 2010) (emphasis in original) (quoting *Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999)).

Defendants argue that "[e]ach and every one of Plaintiffs' claims relates to DHS's decision to issue Pelletier the NTA [Notice to Appear] . . . Therefore, Plaintiffs' claims for relief are directly and immediately connected to, and arise from, DHS's decision to commence removal proceedings against Pelletier." (ECF No. 62 at 5.) Plaintiffs contend that they are challenging actions that preceded the beginning of Pelletier's removal proceedings—such as the adoption of 8 C.F.R. § 235.1(h)—and, therefore, their claims are not directly and immediately connected to the decision to commence removal proceedings.  (ECF No. 66.)

The Court finds that Plaintiffs' claims do not arise from the decision to commence removal proceedings against Pelletier. The APA claim challenges the manner in which the Regulations were adopted and enforced by Defendants. (Am. Compl. ¶¶ 181 & 188.) While some of the relevant events occurred after removal proceedings began, it does not necessary follow that the claims themselves arise from the decision to commence removal proceedings. Plaintiffs could have challenged the manner in which the Regulations were adopted and enforced regardless of whether removal proceedings had been brought against Pelletier.

Additionally, the Constitutional Claim contends that the Regulations violate Pelletier's equal protection and due process rights. (*Id*. ¶¶ 184 & 187.) The fact that Canadian citizens are allegedly treated differently than citizens of other countries is not directly and immediately connected to the decision to initiate removal proceedings against Pelletier.

Because the Court finds that Plaintiffs' claims do not arise from the Attorney General's decision to commence removal proceedings against Pelletier, the Court finds that it is not deprived of subject matter jurisdiction over this action by operation of 8 U.S.C. § 1252(g).

**C.   Administrative Procedures Act**

Defendants next argue that the Court lacks subject matter jurisdiction over this case pursuant to the APA. (ECF No. 62 at 6.) Specifically, Defendants argue that there has not been any final agency action in this case. (*Id*.)

The APA contains a "general waiver of sovereign immunity in all civil actions seeking equitable relief on the basis of legal wrongs for which government agencies are accountable." *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 549 (10th Cir. 2001) (citing 5 U.S.C. § 702). However, this waiver applies only where there has been a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. An agency action is final under the APA when two conditions are met. "First, the action must mark the 'consummation' of the agency's decisionmaking process. [I]t must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.' " *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted).

Defendants argue that, because Pelletier's removal proceedings are ongoing, there is no final agency action and therefore the Court lacks jurisdiction over the APA claim. (ECF No. 62 at 6.) If Plaintiffs were challenging some aspect of Pelletier's removal proceedings, the Court would likely agree with Defendants.[3] However, as construed by the Court, Plaintiffs' APA Claim does not challenge Pelletier's removal proceedings; rather, it challenges the *process* by which the Regulations were adopted

---

[3] The Court notes that Plaintiffs' Amended Complaint contains a number of allegations challenging decisions made during the course of Pelletier's removal proceedings. The Court doubts that there is any final agency action with respect to any cause of action related to these claims because, as alleged in the Amended Complaint, Pelletier is still in the midst of his removal proceedings and has another hearing scheduled for January 2013. However, the Court need not decide this issue because, as discussed above, the Court has dismissed without prejudice all claims other than the APA claim and the Constitutional Claim.

and enforced. (Am. Compl. ¶¶ 181-194.) Thus, the fact that Pelletier's removal proceedings are still ongoing does not deprive the Court of jurisdiction over Plaintiffs' APA Claim.

Plaintiffs contend that the Regulations are final and that they have no other recourse to challenge the Regulations. (ECF No. 66 at 12-13.) Defendants do not respond to this argument or offer any argument to the contrary. (ECF No. 67.) From the Court's research, it appears that at least some of the Regulations being challenged by the Court have been in place, unamended, for a number of years. *See, e.g.*, 8 C.F.R. § 235.1(h). Accordingly, the Court finds that Plaintiffs have established that the agency action they are challenging is final and that the Court has subject matter jurisdiction over Plaintiffs' APA claim.

**D.     The Remaining Statutes**

Plaintiffs also allege that the Court has jurisdiction over this matter pursuant to following: (1) the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*; (2) the Declaratory Judgment Act, 28 U.S.C. § 2201; (3) the Mandamus Act, 28 U.S.C. 1361; (4) the All Writs Act, 28 U.S.C. § 1651; and (5) the Habeas Corpus statute, 28 U.S.C. § 2241. (Am. Compl. ¶ 14.) Defendants argue that the Court does not have jurisdiction over Plaintiffs' claims under any of these statutes. (ECF No. 67 at 6-15.) However, because the Court has found that it has original jurisdiction over the APA claim pursuant to 5 U.S.C. § 702, it need not address Defendants' remaining arguments. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367 (in case where the federal court has original jurisdiction over one claim, it has supplemental jurisdiction over all claims that are part of the same case or controversy).

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 62) is DENIED.  On the Court's own motion, all of Plaintiffs' claims other than their APA and Constitutional Claims are DISMISSED WITHOUT PREJUDICE to Plaintiffs filing a second amended complaint that more clearly delineates between the causes of action being asserted and specifically references the facts supporting each such cause of action.

Dated this 28th day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge