IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-01377-WJM-CBS

GLEN SCOTT PELLETIER,
CARRIE LYNN PELLETIER, and
HOBIE MATTHEW WITT,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement, Denver District,
STEVEN M. BRANCH, Field Office Director, Salt Lake City Field Office, and
CUSTOMS ENFORCEMENT, Denver District,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND PARTIAL MOTION TO DISMISS

Plaintiffs Glen Pelletier, Carrie Lynn Pelletier, and Hobie Matthew Witt (collectively "Plaintiffs") bring claims against Defendants United States of America, John Longshore, Steven M. Branch, and Customs Enforcement - Denver District (collectively "Defendants"). (Second Am. Compl. ("SAC") (ECF No. 75)). Before the Court is Defendants' Motion to Strike and Partial Motion to Dismiss Plaintiffs' Second Amended Complaint under Federal Rules of Civil Procedure 8(a), 12(b)(1) and 12(b)(6) ("Motion"). (ECF No. 84.) For the reasons set forth below, the Defendants' Motion to Strike is denied, and their Partial Motion to Dismiss is granted.

## I. LEGAL STANDARD

The pleading standards set forth in the Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Rule 8(a) also requires minimal factual allegations on the material elements that must be proven to recover on each of the Plaintiffs' claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion under Rule 12(b)(1) asks the Court to dismiss a claim for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

In contrast, the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to

support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48. (10th Cir. 2008). This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id.* "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## II.  FACTUAL BACKGROUND

As the issues raised in the Motion do not challenge the factual allegations in the SAC, the Court accepts the allegations of the operative complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Plaintiffs' SAC contains a number of factual allegations that are irrelevant to the instant Motion. Below, the Court sets forth only the limited facts necessary to resolve the Motion.

Plaintiff Glen Pelletier ("Pelletier") is a citizen of Canada. He is married to Plaintiff Carrie Lynn Pelletier, a United States Citizen. Plaintiff Hobie Matthew Witt, also a United States Citizen, is his step-son. (SAC ¶ 1.) Pelletier has been lawfully admitted to the United States as a B-2 visitor numerous times. (*Id.* ¶ 18.)

Pelletier was apprehended and detained by the United States Government on August 28, 2008. (*Id*. ¶ 35.) The following day, he was issued a Form I-213 and Form I-862 Notice to Appear charging him as removable based on his entry without inspection. (*Id*. ¶¶ 41-45.) Pelletier posted bond on September 9, 2008 and was released from detention. (*Id*. ¶ 47.) Removal proceedings against Pelletier are ongoing, and his most recent hearing was set for January 28, 2013.[1] (*Id*. ¶ 115.)

After his removal proceedings commenced, Pelletier and his attorney requested, pursuant to 8 C.F.R. § 101.2 and Inspector's Field Manual ("IFM") § 15.12, a record of Pelletier's most recent entry to the United States. (*Id*. ¶ 50.) Their request was denied. (*Id*.) Because Pelletier is a Canadian citizen, he is excepted from certain record-keeping requirements and is not required to be given an I-94 upon entry to the United States. (*See id*. ¶¶ 59, 64-65.) Because he was not issued an I-94 when he entered the United States, Pelletier cannot prove that his admission was lawful. (*See id*. ¶ 110.)

Plaintiffs filed a complaint on May 24, 2011 (ECF No. 1), and an Amended Complaint was filed on September 14, 2011 (ECF No. 54). Defendants filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(1) on October 21, 2011. (ECF No. 62.) This Court denied the Motion, but pursuant to Rule 8(a) the Court dismissed without prejudice all of Plaintiffs' claims except two, as follows:

---

[1] Plaintiffs' SAC states that Pelletier's hearing in the Immigration Court was set for "January 28, 2011," but because the SAC uses the future tense in referring to that date, the Court construes the date as January 28, 2013. (SAC ¶ 115.)

> (1) Plaintiffs' claim that three provisions in the United States Customs and Border Protection Inspector's Field Manual ("IFM")—Sections 15.1, 15.12, and 21.7—as well as 8 C.F.R. § 235.1(h) (collectively the "Regulations") were "promulgated and executed in violation of the . . . Administrative Procedures Act" (the "APA Claim") (Am. Compl. ¶¶ 181, 187-88, & 194); and (2) that these provisions violate Pelletier's equal protection and due process rights (the "Constitutional Claim") (*Id*. ¶¶ 184 & 187).

(ECF No. 68 at 6.) The Order gave Plaintiffs leave to file a second amended complaint to restate their claims in accordance with Rule 8(a). (*Id.* at 7.) Plaintiffs filed their SAC on April 27, 2012 (ECF No. 75), in response to which Defendants filed the instant Motion to Strike and Motion to Dismiss Amended Complaint on May 11, 2012. (ECF No. 84.) Plaintiffs filed a Response to the Motion on June 1, 2012. (ECF No. 87.) Defendants filed a Reply on June 14, 2012. (ECF No. 88.)

### III. ANALYSIS

Defendants move to strike Plaintiffs' entire SAC for failure to comply with Rule 8(a), or in the alternative, to dismiss Plaintiffs' claims for Habeas Review, Suppression, Declaratory Judgment, and Equitable Estoppel pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 84.) The Court will address each argument in turn below.

**A.     Motion to Strike Under Rule 8(a)**

Defendants' motion to strike argues that the SAC fails to comply with Rule 8(a) because the SAC is incoherent and unclear, and Plaintiffs failed to follow the Court's order to "clearly delineate[ ] between the causes of action being asserted and specifically reference[ ] the facts supporting each cause of action." (ECF No. 68 at 7.)

As a preliminary matter, the Court notes that like the previous Amended Complaint, the SAC continues to follow a format atypical of proceedings before this Court, and Plaintiffs do not appear to have followed the Court's recommendation to consult the civil complaint template available on the Court's website. (*See id.*) Nevertheless, to satisfy Rule 8(a), the statements in the complaint must merely be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Court's primary concern with the structure of Plaintiffs' First Amended Complaint was its failure to specifically set forth discrete causes of action. (*See* ECF No. 68 at 5.) In the SAC, Plaintiffs have added a section entitled "Petitioners' Causes of Action," with subheadings entitled "APA Review," "Review of Constitutional Questions," "Habeas Review," "Suppression," "Declaratory Judgment that Applicable Regulations and Procedures are *Ultra Vires*," and "Equitable Estoppel." (SAC ¶¶ 56-152.) Although Plaintiffs' SAC remains confusing and, at times, repetitive, Plaintiffs have successfully articulated separate claims with allegations of supporting facts sufficient to give notice to Defendants of the basis of their arguments. Therefore, the Court finds the SAC sufficiently in compliance with Rule 8(a) to deny Defendants' Motion to Strike.

**B.    Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6)**

Defendants move to dismiss Plaintiffs' claims for Habeas Review, Suppression, Declaratory Judgment, and Equitable Estoppel based on two arguments: (1) the Court

lacks subject matter jurisdiction over Plaintiffs' claims, and (2) Plaintiffs have failed to state a claim for which relief can be granted.  (ECF No. 84-1.)  The Court reviews each of the challenged claims below.

 1. Habeas Review

Defendants argue that Plaintiffs' Habeas Review claim should be dismissed because habeas relief is only available to an applicant who is "in custody in violation of the Constitution or laws or treaties of the United States."  (ECF No. 84-1 at 6 (quoting 28 U.S.C. § 2241(c)(3))).  Because Pelletier was released on bond in 2008 and is not currently in detention, Defendants argue that he cannot satisfy the "in custody" requirement to obtain habeas relief and ask the Court to dismiss the claim under Rule 12(b)(1) or 12(b)(6).  (*Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).)

Plaintiffs argue that "a petitioner is in custody for purposes of the [habeas] statute if he or she is subject to severe restraints on his or her individual liberty," which restraints are "not shared by the public generally."  (SAC ¶ 118 (quoting *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973); *Jones v. Cunningham*, 371 U.S. 236, 240 (1963))).  Plaintiffs claim that Pelletier "remains unlawfully in custody . . . pursuant to the terms of his immigration bond" (*Id.* ¶ 111), and compare the terms of Pelletier's bond to those in *Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207 (10th Cir. 1999).  (SAC ¶ 119.)  In *Dry*, the Tenth Circuit held that the petitioners were sufficiently "in custody" for the purposes of a habeas petition when they had been released on their own recognizance pending trial, but could be ordered to appear for trial at any time at

the discretion of the court. *Dry*, 168 F.3d at 1208. Plaintiffs argue that "[t]he restraints on [Pelletier's] liberty are no less severe than the liberty restraints in *Dry*," and are "a severe restriction of Pelletier's liberty interests because he cannot travel to visit his family or appear in Canada for any matters that require his presence." (SAC ¶ 114, 119.)

Defendants respond that "DHS has not put any restriction on Pelletier's ability to depart the United States," and distinguish Pelletier's case from *Dry* in that "Pelletier is required only to appear at his scheduled immigration court hearings." (ECF No. 84-1 at 7.) The Court agrees. While Pelletier must appear at immigration court hearings if he is to continue defending himself against removal proceedings, he is not restrained from leaving the country and returning to Canada at will. (*Id.*) Insofar as Pelletier may not be permitted to return to the United States once he has departed, he would share that restraint with all other foreign nationals lacking permission to enter the country.

Therefore, the Court finds that Plaintiffs' allegations do not satisfy the "in custody" requirement for a petition for habeas relief, and dismisses Plaintiffs' Habeas Review claim pursuant to Rule 12(b)(1) and 12(b)(6).

2. <u>Suppression</u>

Defendants' Motion argues that Plaintiffs' Suppression claim should be dismissed under Rule 12(b)(1) due to the limitation to federal courts' jurisdiction imposed by 8 U.S.C. § 1252(g). (ECF No. 84-1 at 8-11.) Under Section 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien

arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).  The Supreme Court has held that this jurisdictional prohibition applies "to three types of discretionary decisions by the Attorney General—specifically, to commence proceedings, to adjudicate cases, or to execute removal orders." *I.N.S. v. St. Cyr*, 533 U.S. 289, 311 n.34 (2001) (citing *Reno*, 525 U.S. at 486-87).

Defendants argue that Section 1252(g) applies to Plaintiffs' Suppression claim because Plaintiffs request the suppression of Forms I-213, I-862, and I-200, and "the sole purpose for those forms is for use in removal proceedings."  (ECF No. 84-1 at 9.) The Tenth Circuit has held that "claims connected *directly and immediately* with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders'" are considered as "arising from" the Attorney General's decision, and fall under the Section 1252(g) prohibition.  *Tsering v. U.S. Immigration & Customs Enforcement*, 403 F. App'x 339, 342 (10th Cir. 2010) (emphasis in original) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)).  Plaintiffs' Response to the Motion argues that the forms they challenge "preceded Defendants' filing the NTA . . . [and] removal proceedings do not commence until the NTA is filed," suggesting that the forms could not have "aris[en] from" the removal proceedings.  (ECF No. 87 at 6.)

The Court finds that because the challenged forms' purpose is solely for use in removal proceedings, they are "directly and immediately" connected with the decision to

commence those proceedings, regardless of whether the proceedings had actually begun when the forms were issued. *See Tsering*, 403 F. App'x at 339. Therefore, Section 1252(g) applies to strip the Court of jurisdiction over the Suppression claim, and the Court must dismiss the claim pursuant to Rule 12(b)(1).

3.     Declaratory Judgment

Plaintiffs' SAC requests a declaration that IFM § 15.1(b)(4)(A) and 8 C.F.R. § 235.1(h), the regulations Plaintiffs challenge under their APA and Constitutional Claims, be declared *ultra vires*. (SAC ¶ 129.) Defendants argue that Plaintiffs' claim for a Declaratory Judgment should be dismissed because a declaratory judgment is a form of relief, not an independent cause of action. (ECF No. 84-1 at 11-12.) Plaintiffs concede that there is no independent cause of action for a declaratory judgment. (ECF No. 87 at 3.)

The Court has reviewed the basis for Plaintiffs' request for a declaratory judgment, and finds its arguments to be contained within Plaintiffs' APA and Constitutional Claims. (*See* SAC ¶¶ 56-110.) Therefore, the Court construes Plaintiffs' Declaratory Judgment claim as a request for declaratory relief under Plaintiffs' APA and Constitutional Claims, and dismisses any independent Declaratory Judgment claim pursuant to Rule 12(b)(6), as it does not state a cause of action for which relief can be granted.

4.     Equitable Estoppel

Defendants argue that Plaintiffs have failed to allege the required elements of an

equitable estoppel claim, and that the claim should be dismissed pursuant to Rule 12(b)(6).

The Tenth Circuit has articulated four elements that must be alleged to state a claim for estoppel:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Bd. of Cnty. Comm'rs of Adams Cnty., Colo. v. U.S. Dep't of Labor*, 805 F.2d 366, 369 (10th Cir. 1986) (quoting *Lurch v. United States,* 719 F.2d 333, 341 (10th Cir. 1983)). In addition to these four elements, a claim for estoppel against the government must also allege that the government engaged in "affirmative misconduct." *Bd. of Cnty. Comm'rs of Cnty. of Adams v. Isaac*, 18 F.3d 1492, 1499 (10th Cir. 1994); *Penny v. Giuffrida,* 897 F.2d 1543, 1546 (10th Cir. 1990). "Affirmative misconduct" requires an act of misrepresentation or concealment of a material fact. *Issac*, 18 F.3d at 1499.

Plaintiffs make allegations of "affirmative misconduct" in their claim for Equitable Estoppel, but they do not allege that the government thereby intended to induce reliance on their actions, or that Pelletier in fact relied on the government's misrepresentations to his detriment. (*See* SAC ¶¶ 135-152.) Therefore, the Court finds that Plaintiffs have failed to allege the requisite elements of estoppel, and dismisses the Equitable Estoppel claim pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Strike Amended Complaint under Federal Rule of Civil Procedure 8(a) and Partial Motion to Dismiss Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 84) is GRANTED IN PART and DENIED IN PART;

2. Defendants' Motion to Strike Plaintiffs' Amended Complaint under Rule 8(a) is DENIED;

3. Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(1) and 12(b)(6) is GRANTED;

4. Plaintiffs' claims for Habeas Relief and Suppression are DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1);

5. Plaintiffs' claims for Declaratory Judgment and Equitable Estoppel are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6); and

6. This action remains pending as to Plaintiffs' APA and Constitutional Claims.

Dated this 4th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge