**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-01377-WJM-CBS

GLEN PELLETIER,
CARRIE LYNN PELLETIER, and
HOBIE MATTHEW WITT,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement, Denver District,
IMMIGRATION AND CUSTOMS ENFORCEMENT, Denver District, and
STEVEN M. BRANCH, Field Office Director, Salt Lake City Field Office,

Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER**

---

Plaintiffs Glen Pelletier ("Pelletier"), Carrie Lynn Pelletier, and Hobie Matthew Witt (collectively "Plaintiffs") bring claims under the United States Constitution and the Administrative Procedure Act ("APA") against Defendants United States of America, John Longshore, Immigration and Customs Enforcement ("ICE"), and Steven M. Branch (collectively "Defendants"). (Second Am. Compl. ("SAC") (ECF No. 75); ECF No. 110).

On December 31, 2013, the Court granted Defendants' Motion for Summary Judgment ("Summary Judgment Order"). (ECF No. 123.) Currently before the Court is Plaintiffs' Motion to Reconsider ("Motion"). (ECF No. 125.) For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARD

Plaintiffs move for relief under Federal Rule of Civil Procedure 60(b)(1), which permits the court to relieve a party from a final judgment, order or other proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect". The "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

A motion for relief from a judgment under Rule 60(b) is addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1475 (10th Cir. 1983) (decision whether relief should be granted under Rule 60(b) is discretionary and the ruling should not be disturbed except for a manifest abuse of discretion).

## II. ANALYSIS

Plaintiffs argue that the Court should reconsider the Summary Judgment Order because its reasoning was clearly erroneous. (ECF No. 125 at 1.) Specifically, Plaintiffs contend that the Court has misread 8 C.F.R. § 235.1(h)(1)(i), which states as follows:

> Unless otherwise exempted, each arriving nonimmigrant who is admitted to the United States will be issued a Form I-94 as evidence of the terms of admission. . . . Form I-94 is not required by:
> (i) Any nonimmigrant alien described in § 212.1(a) of this chapter and 22 C.F.R. § 41.33 who is admitted as a visitor

> for business or pleasure or admitted to proceed in direct transit through the United States.

8 C.F.R. § 235.1(h)(1). In the Summary Judgment Order, the Court held that Customs and Border Protection followed this regulation in declining to issue a Form I-94 to Pelletier, because it was undisputed that he was a nonimmigrant alien described in § 212.1(a). (ECF No. 123 at 11-12.) Plaintiffs argue that § 235.1(h)(1)(i) only exempts from Form I-94 issuance aliens that fall within the scope of both § 212.1(a), and 22 C.F.R. § 41.33, because the language of § 235.1(h)(1)(i) contains the word "and", not the word "or". (ECF No. 125 at 1-5.) Therefore, Plaintiffs contend, Customs and Border Protection failed to follow its own regulation in not issuing a Form I-94 to Pelletier. (*Id.*)

The Court finds that Plaintiffs' assertion does not demonstrate clear error. While Plaintiffs are correct that § 235.1(h)(1)(i) contains the word "and", it also contains the inclusive word "any", and the two regulatory provisions listed are not a list of criteria that must be met but rather establish the scope of exemption as containing "any nonimmigrant alien described" therein. The Court is satisfied that its reading of the regulation is not clearly erroneous.

Furthermore, Plaintiffs failed to raise this argument in their briefing on the Motions for Summary Judgment. (*See* ECF Nos. 118 - 121.) Indeed, Plaintiffs failed to file any response to Defendants' Motion for Summary Judgment (ECF No. 117) or any reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment (ECF No. 122), wherein Defendants advanced the reading of § 235.1(h)(1) that the Court ultimately adopted. "Rule 60(b)(1) is not available to allow a party merely

to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 577 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Accordingly, Plaintiffs' § 235.1(h)(1) argument is not grounds for Rule 60(b)(1) relief.

The remainder of Plaintiffs' arguments in their Motion either depend on a finding that the Court's ruling on § 235.1(h)(1) was erroneous, or raise the same arguments already presented in the parties' prior briefing. (*See, e.g.*, ECF No. 125 at 6, 8, 17.) "It is not appropriate [in a Rule 60(b)(1) Motion] to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Court concludes that none of Plaintiffs' arguments establish a "substantive mistake of law or fact" that would entitle them to Rule 60(b)(1) relief.

## III. CONCLUSION

For the reasons set forth above, it is ORDERED that Plaintiffs' Motion to Reconsider (ECF No. 125) is DENIED.

Dated this 19th day of June, 2014.

BY THE COURT:

William J. Martínez
United States District Judge