**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01377-WJM-CBS

GLEN PELLETIER,
CARRIE LYNN PELLETIER, and
HOBIE MATTHEW WITT,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement, Denver District,
IMMIGRATION AND CUSTOMS ENFORCEMENT, Denver District, and
STEVEN M. BRANCH, Field Office Director, Salt Lake City Field Office,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is Plaintiffs' Motion to Reconsider the Order Striking Plaintiffs' Second Motion to Reconsider ("Motion"). (ECF No. 147, as supplemented by ECF No. 148-1.) This Court struck Plaintiffs' "Second Motion to Reconsider" (ECF No. 144) for exceeding the undersigned's 15-page limit by 68 pages. (ECF No. 145.) For the reasons stated below, the Motion is denied.

Plaintiffs' first argument is that they should receive additional pages "because Defendants' Motion for Summary Judgment was 29 pages . . . where the stated rules allow only twenty pages. ECF 117, 117-1." (ECF No. 148-1 at 1.) However, ECF Nos. 117 and 117-1 were the Government's summary judgment motion from *more than two years ago*, before the appeal. The fact that the undersigned chose not to strike that brief has no bearing on whether Plaintiffs can now file an 83-page motion—which is not

a motion for summary judgment in any event, and is therefore subject to the undersigned's 15-page restriction.  *See* WJM Revised Practice Standard III.C.1.

Plaintiffs further argue that they "did not have 'actual notice' of the 'actual practice standards,' until the Court issued [its order striking the motion to reconsider]." (ECF No. 148-1 at 1.)  All counsel are expected to be familiar with the practice standards of all judicial officers in this District just as they are expected to be familiar with the Federal Rules of Civil Procedure and this District's Local Rules.  Lack of "actual notice" is no excuse.

Plaintiffs next argue that exceeding page limitations "is not the type of offense that warrants avoiding a decision on the merits." (*Id.* at 2.)  However, this Court has made no decision on the merits of anything since the mandate issued.

Plaintiffs "request that the Court reconsider its Order striking ECF [1]44 and grant leave for Plaintiffs to file an amended Motion to Reconsider of up to 24 pages with a one week extension of time from today," or, "[i]n the alternative, Plaintiffs request leave to file an amended Motion to Reconsider of up to 15 pages." (*Id.* at 3.)  But there is no basis to file a "motion to reconsider" at this stage.  Again, the Court has made no substantive rulings since the mandate issued.

Plaintiffs state that they "intend to file a response to ECF 141 and 143," referring to the Government's currently pending summary judgment motion and supplemental brief.  (*Id.* at 4.)  Plaintiffs further state the they

> intend to respond to Defendants' assertions that relief is barred by the doctrine of the law of the case and the mandate rule by arguing that ECF 133 [this Court's pre-appeal order denying reconsideration] is clearly erroneous and results in manifest injustice.  Plaintiffs do not

2

>wish to use up the page limitation in their Response to ECF 141 and 143 to make the arguments that were stricken in ECF 144.  Accordingly, Plaintiffs respectfully request that the Court rule on this motion as quickly as it moved to strike ECF 144, i.e. no later than 2:26 p.m. on June 23, 2015, so that Plaintiffs will have adequate notice of whether they may file an amended Motion to Reconsider.

(*Id.* at 4–5 (citations omitted).)

Wholly apart from the fact that Plaintiffs did not file their instant motion until 9:01 AM today (June 24) and this Court therefore could not possibly rule "no later than 2:26 p.m. on June 23, 2015," this argument is difficult to understand.  Plaintiffs seem to be saying that they want to file two response briefs, one to address the Government's "assertions that relief is barred by the doctrine of the law of the case and the mandate rule" and another to address everything else.  Construing this as a request to exceed their current page limitations, the request is denied.  Plaintiffs may already file up to twenty pages of argument.  WJM Revised Practice Standard III.E.3.  The Court sees no justification for granting more pages than this, especially considering that the Government's summary judgment motion, brief-in-support, *and* supplemental brief comprise twenty pages total (ECF Nos. 141, 141-1) according to the above-cited Practice Standard which counts motions and briefs-in-support as a single document, but excludes signature blocks and certificates of service.

"In the alternative, Plaintiffs request the Court to grant Plaintiffs additional time to file their Response after the Court rules on this motion."  (ECF No. 148-1 at 5.)  This request is also denied.  As the Court stated on May 26, 2015:

>The Government filed its [ECF No.] 141 Motion for Summary Judgment (Motion) on March 20, 2015 . . . .  Pursuant to D.C.COLO.LCivR 7.1(d), Plaintiff then had 21 days (*i.e.*, until

3

> April 10, 2015) to file a response.  Plaintiff did not timely file a response and has not since filed anything.  The Court could therefore deem the Government's motion confessed. In the interests of justice, however, the Court will not do so at this point.

(ECF No. 142.)  The Court then ordered the Government to file a supplemental brief by June 10, 2015 (fifteen days from the date of the order) and, "[i]n the interests of justice," allowed Plaintiffs "to file a response brief no later than June 24, 2015" (two weeks after the Government's deadline).  (*Id.*)  In other words, Plaintiffs had twenty-one days from the date the Government originally filed its summary judgment motion, plus forty-six unauthorized days (until the Court issued its May 26 order), plus another twenty-nine days following the May 26 order, for a total of ninety-six days to prepare a response. No additional time is needed, especially when it is evident that Plaintiffs have spent this time preparing an 83-page motion directed largely at issues addressed by the Tenth Circuit (ECF No. 144) and a 5-page motion specifically about page limits (ECF Nos. 147 & 148-1).

For all these reasons, Plaintiffs' Motion to Reconsider the Order Striking Plaintiffs' Second Motion to Reconsider (ECF No. 147) is DENIED.

Dated this 24th day of June, 2015.

BY THE COURT:

William J. Martinez
United States District Judge